# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRYPTON FUTURE MEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No.: 1:20-cv-05589 <br><br> Judge Mary M. Rowland <br> Magistrate Judge Jeffrey Cummings <br><br> **ANSWER TO AMENDED COMPLAINT AND DEFENSES** |

## ANSWER TO AMENDED COMPLAINT

**NOW COME the Defendants** qjy2018, 2019dajidali, Linyang169, sutty.168, xiaochun169, pingxiao669, fengtai169, witkey2009, day.day.up.fbb, luckystar*usa, belletoy*house, phoenix-forever-hk, shoppingmall.alice, jennys-magic-house by and through their attorney, and in answer to the Complaint filed by the Plaintiffs, state as follows:

### IN ANSWER TO THE ALLEGATIONS OF <u>INTRODUCTION</u>

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 1, and accordingly deny.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 2, and accordingly deny.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 3, and accordingly deny.

1

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 4, and accordingly deny.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 5, and accordingly deny.

## IN ANSWER TO THE ALLEGATIONS OF JURISDICTION AND VENUE

6. Admitted.

7. Denied.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 8, and accordingly deny.

## IN ANSWER TO THE ALLEGATIONS OF THE PLAINTIFF

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 9, and accordingly deny.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 10, and accordingly deny.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 11, and accordingly deny.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 12, and accordingly deny.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 13, and accordingly deny.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 14, and accordingly deny.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 15, and accordingly deny.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 16, and accordingly deny.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 17, and accordingly deny.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 18, and accordingly deny.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 19, and accordingly deny.

## IN ANSWER TO THE ALLEGATIONS OF **THE DEFENDANTS**

20. Admitted that Defendants are individuals and business entities reside in the People's Republic of China. The rest of the allegations in paragraph 20 are denied.

## IN ANSWER TO THE GENERAL ALLEGATIONS OF **DEFENDANTS' UNLAWFUL CONDUCT**

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 21, and accordingly deny.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**IN ANSWER TO COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 40, and accordingly deny.

41. Denied.

**IN ANSWER TO COUNT II**
**FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a)/LANHAM ACT § 43(a) )**

42. Denied.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 43, and accordingly deny.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 44, and accordingly deny.

45. Denied.

4

46. Denied.

47. Denied.

48. Denied.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 49, and accordingly deny.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 50, and accordingly deny.

## IN ANSWER TO COUNT III
### TRADEMARK DILUTION BY BLURRING AND/OR TARNISHIMENT
### (15 U.S.C. § 1125(c)/LANHAM ACT § 43(c))

51. Denied.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 52, and accordingly deny Denied.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 53, and accordingly deny.

54. Denied.

55. Denied.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 56, and accordingly deny.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 57, and accordingly deny.

## IN ANSWER TO COUNT IV
### TRADEMARK DILUTION UNDER 765 ILCS 1036/65
### (765ILCS. § 1036/65, *et seq*.)

58. Denied.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 59, and accordingly deny.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 60, and accordingly deny.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 61, and accordingly deny.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 62, and accordingly deny.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 63, and accordingly deny.

64. Denied.

65. Denied.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 66, and accordingly deny.

<b>IN ANSWER TO COUNT III<br>
<u>VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT<br>
(815 ILCS § 510, <i>et seq.</i>)</u></b>

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 71, and accordingly deny.

## DEFENSES

### Northern District of Illinois Lacks Personal Jurisdiction

72. This Court may exercise personal jurisdiction over Defendants only if it is proper under Illinois's long arm statute and comports with the requirements of the Due Process Clause. *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *8 (citing *Hemi*, 622 F.3d at 756-57).

73. The Seventh Circuit has adopted the familiar personal jurisdiction standard as follows:

> [T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Those contacts may not be fortuitous. Instead, the defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. Crucial to the minimum contacts analysis is a showing that the defendant should reasonably anticipate being haled into court in the forum State, because the defendant has purposefully availed itself of the privilege of conducting activities there. *Hemi*, 622 F.3d at 757.

74. General jurisdiction is proper only when the defendant has "continuous and systematic general business contacts" with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific jurisdiction is proper only when the defendant has "purposefully availed" himself of the benefits and protections of conducting activities in the forum state, *see Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), in a suit "*arising out of or related to* the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8. (emphasis added). As the Supreme Court recently clarifies, "[f]or a State to exercise [specific]

jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial connection* with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added).

75. When deciding whether defendant is subject to specific personal jurisdiction in Illinois, the Seventh Circuit applies the "express aiming" test, which specifically asks "whether the defendant *intentionally aimed* its conduct at the forum state, rather than on the possibly incidental and constitutionally irrelevant effects of that conduct on the plaintiff." *Mobile*, 623 F.3d at 444-45, 445 n.1 (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). Defendant'scontact must also satisfy at least three requirements to be relevant: (1) the contacts are created by Defendant himself; (2) the contact is targeted at the forum state (as opposed to persons who reside there); and (3) the contact bears on the substantive legal dispute. *See United*, 2015 U.S. Dist. LEXIS 56982 at *10 (citing *Walden*, 134 S. Ct. at 1122-23; *Advanced Tactical*, 751 F.3d at 801-03; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277-78 (7th Cir. 1997)).

76. The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing *Hemi*, 622 F.3d at 760) (holding that the defendant was not subject to personal jurisdiction in Illinois). Beyond simply operating an interactive website—even a "highly interactive" website— that is accessible from the forum state, defendant must in some way *target* the forum state's market before he may be haled into court in that state without offending the Constitutional Due Process requirement. *Id.* at 558-59 (citations omitted).

No Minimum Contact with Illinois

77. Under *Walden*, *Advanced Tactical*, and *be2*, defendants have insufficient contacts to be subject to this Court's jurisdiction. Further, while the outcome in *Hemi* is distinguishable from the case at bar, its reasoning is helpful here. In *Hemi*, the Seventh Circuit held that the defendant was subject to personal jurisdiction in Illinois specifically because its website expressly stated that it would not ship to New York residents, which indicated, though indirectly, its willingness to ship to Illinois residents. *See Hemi*, 622 F.3d at 758; cf. *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27 (holding that it lacked personal jurisdiction over the defendant after distinguishing Hemi on the same grounds). Further, the defendant in Hemi had actually shipped the products to Illinois residents. See Hemi, 622 F.3d at 758; *United Airlines*, 2015 U.S. Dist. LEXIS 56982, at *26-27.

78. The *Hemi* court clarified that it was the defendant's reaching out to residents of Illinois through its website and shipping history, rather than the plaintiff's inducement to ship, that created the minimum contacts. 622 F.3d at 758. There are no such facts here because Defendants were entrapped and enticed, pending future discovery, by Plaintiff or its agents. And such entrapped or enticed activity is irrelevant according to the *Hemi* court.

79. In *Original Creations, Inc. v. Ready America, Inc.*, the Court distinguished *Hemi* on because the website in question did not exclude any particular state, thus removing the implication that it expressly targeted other states. 836 F. Supp. 2d. 711 (N.D. Ill. 2011). In addition, the Court found that an Internet website alone was insufficient to support personal jurisdiction when the only sale to Illinois was to the plaintiff or its agents. Ultimately, this Court found personal jurisdiction, but based on a stream-of-commerce theory because the defendant sold through distributors located in Illinois. *Id*. at 716. Other courts hold similar views. See *e.g., Sennheiser*

*Elec. Corp. v. Evstigneeva*, supra at *7-8 (ordering the plaintiff to show cause why the case should not be dismissed for lack of personal jurisdiction where the only forum sale was to the plaintiff); *Boppy Co. v. Luvee Products Corp.*, 72 U.S.P.Q. 2d. 1577 (D. Colo. 2004) (single sale to the plaintiff's attorney was not a sufficient forum contact to support personal jurisdiction); *Edberg v. Neogen Corp.*, 17 F.Supp. 2d 104 (D. Conn. 1998) ("Only those contacts with the forum that were created by the defendant, rather than those manufactured by the unilateral, acts of the plaintiff, should be considered for due process purposes. To hold otherwise would allow a plaintiff to manufacture jurisdiction over a non-resident defendant in any forum, regardless of how inconvenient, even when the defendant has not purposefully directed any activity toward the forum state.")

80. As the Supreme Court recently restated in *Walden*, "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 134 S. Ct. at 1123 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Defendants did nothing to target the forum. Any contact with Illinois, if present at all, was *de minimis* and induced by Plaintiff or its agents. Specific jurisdiction is lacking because Plaintiff is the only link between them and Illinois, *Id.* at 1122, and a small number of sales would not be enough where he has not specifically targeted the forum. *Advanced Tactical*, 751 F.3d at 801-02. To allow the plaintiffs to hale defendants online stores into court and freeze their assets without even a minimum number of contacts offends Constitutional principles.

81. Thus, this Court should dismiss the complaint against Defendants for lack of personal jurisdiction.

Unreasonable to Exercise Personal Jurisdiction

82. With respect to analysis of reasonableness, the Court asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice"—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Supreme Court evaluates the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14, (1987).

83. It is not reasonable to exercise personal jurisdiction over Defendants. The burden that the exercise of personal jurisdiction on Defendant is very high because Defendants are hobby sellers who reside outside the States. The interest of the forum state in adjudicating the case is not high because Plaintiff is a Japanese media company based in Sappro, Japan. Amended Compl. ¶ 9, ECF No. 6. If there is any country for adjudication, the case should be litigated in Japan or China. Plaintiff might have interest in obtaining relief in Illinois court, but even if Plaintiff prevails in this case, it is impossible to enforce the judgment because Defendants reside in China, with bank accounts in China. It takes significant amount of time and resource to enforce a U.S. judgment in China.

**First Sale Defense Applies If the Alleged Infringing Product Is Not Counterfeit**

84. The first sale doctrine limits trademark owners' Lanham Act right to control the distribution of their products. *Delta Air Lines, Inc. v. TDM Invs., LLC*, 2018 U.S. Dist. LEXIS 135125, at*3

11

(N.D.Ill. Aug. 10, 2018) (citing *Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 817-18 (N.D. Ill. 2016)). Under the first sale doctrine, the right of a producer to control the distribution of its trademarked product terminates after the first sale of the product. *Id*. Thus, under the first sale doctrine the buyer of a trademarked product may resell that product under the original mark without incurring liability for trademark infringement or unfair competition.

85. The alleged infringing Hatsune Miku products are genuine because Defendants purchased the products from reputable suppliers. Furthermore, Plaintiff did not provide any evidence or conduct any comparison between the alleged infringing product and a genuine product. Therefore, the alleged infringing Hatsune Miku products could be genuine products.

86. Plaintiff has to provide by preponderance of evidence that the alleged infringing Hatsune products are counterfeit. Defendants are not liable for infringement solely for the reason that Defendants appeared to be selling genuine Hatsune Miku products on the online store.

**Defendants Lack Willfulness Even If the Alleged Infringing Product Is Counterfeit**

87. Even if there is any infringement of Plaintiffs' trademark/copyright, Defendants' act was not willful.

88. Defendants do not have actual or apparent knowledge that the infringing Hatsune Miku product is possibly counterfeit. Defendants are not manufacturers. Defendants use reasonable care when purchasing products because Defendants purchased products from reputable sources. Sellers who sold the allegedly infringing products to Defendants guaranteed that the products were genuine. Within Defendants' best knowledge, Defendants could not tell the difference between these products.

89. Defendants did not even have reasonable suspicion about the authenticity of the products because the purchase price is reasonable.

**No Competition between the Alleged Infringing Products and Plaintiffs' Products**

90. Defendants sell products on EBay.com. Upon information and belief, Plaintiff does not offer for any products on EBay.com. Defendants cannot be said to compete with Plaintiff on EBay.com because Plaintiff does not do business on the same platform and thus is not even a competitor.

**No Damage of Reputation to Plaintiffs**

91. Because Plaintiff's U.S. online website does not sell stuffed toys, Plaintiff suffers no damage of reputation from Defendants because consumer would not confuse Defendants' products with Plaintiff's.

### DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that

1. Plaintiffs take nothing by way of this action;
2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendants;
3. Defendants be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper.
4. Plaintiffs be awarded only compensation based on Defendants' profit from sales of the alleged infringing products if the Court finds Defendants liable for infringement.

Respectfully Submitted:

Date: 12/04/2020

/s/ Tianyu Ju
Tianyu Ju

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this December 4, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Respectfully Submitted:

Date: 12/04/2020

/s/ Tianyu Ju
Tianyu Ju